Opinion of the court by
Mr. Justice TueNeu:,
The error complained of is, that the court below applied money made by the sheriif to the satisfaction of a junior judgment. After executions issued in each case, and forthcoming bonds being given, the executions thereon finally issued on the same day, were received by the sheriff on the same day, were levied at the same time, and the sale took place at the same time, and a like return made on each.
These executions were delivered to the sheriff on the 6th day of January, 1840, returnable to the April term. In the mean time, a special term of the court was holden in February, 1840, and at that term, the defendants in execution, in the case of Gilbert, Bailey & Draper v. Rison et at., moved to quash the forthcoming bond, which motion was overruled, whereupon the defendants released errors, and thé plaintiffs thereupon agreed to stay execution till April term, 1841, unless defendants consent for its issuance sooner.
The sheriff, who still held-the executions which issued on the 6th day of January to the- April term, 1840, proceeded to levy on the property of the defendants in execution, and did levy, in each case on the 18th day of March, 1840, and sold under each on the third Monday iri April, 1840, and made by said sale upwards of five hundred dollars, which not being sufficient to satisfy both executions, a motion was made to apply the money made to the satisfaction of the execution of Jones, use of Young,, the plaintiff in error, which motion was overruled, and this appeal taken.
*565 The execution of Gilbert, Bailey & Draper being stayed by agreement of parties, there was nothing to prevent that of Jones, pse of Young, from being satisfied out of the property of their debtors, Rison et al., unless these debtors consented to let the execution run. The executions were at the time of that agreement, both, in the hands of the sheriff; they were not called in; no stay endorsed thereon, and no motion appears to have been made by the. debtors, Rison et al., to supercede, or quash the execution of Gilbert, Bailey & Draper. Why this was not done, we are not informed. Rison et al. did not complain, the execution then out was not in reality stayed, but was levied cotempora-neously with the other, and the sale was made under both, as appears by the sheriff’s return; and Rison et al. do not complain. Have Gilbert, Bailey & Draper done any act to injure or defraud Jones, use of Young; or have these, by the private agreement between Gilbert, Bailey & Draper and Rison et al. obtained a priority? Are we bound by the facts to infer that Rison et al. consented to let the execution of Gilbert, Bailey & Draper be carried on to the levy and sale, &c? We are of opinion that the court below did not err; and consider that the defendants in execution, acquiesced in the levy and sale in both cases.
In the case of Berry v. Smith, 3 Wash. C. C. Rep. 60, the plaintiff gave orders to the sheriff, to leave the property in defendants’ hands, and so endorsed on the writ. This was considered as a suspension of execution, and let in a junior judgment.
In the case in 17 J. R. 274, the plaintiff' in execution, gave orders to the sheriff1 to grant indulgence, to make a levy, but do nothing till ordered, &c., and evidence was given of a fraudulent intention of plaintiff to cover defendant’s property.
. The case in 3 Cowen, 279, establishes the position, that delay of execution, by order of the plaintiff, will let in a junior execution.
None of these cases are like the present. Here the plaintiff gave no orders to the sheriff, but left the execution in his hands, to take its usual course. We consider the arrangement between these parties as between themselves, and not as affecting in any manner the rights and interests of another party.
The judgment must be affirmed, and that the parties entitled thereto, have execution for balance duo.